# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| DALE THOMAS BURNS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:18-cv-00021-O-BP |
| § | |
| DIRECTOR TDCJ - CID, § | |
| § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Dale Thomas Burns' ("Petitioner") 28 U.S.C. § 2254 habeas corpus petition (ECF No. 1) filed on February 21, 2018; Respondent's Response in Opposition to Petitioner's petition (ECF No. 11) filed on July 24, 2018; the Administrative Record (ECF No. 14) filed on July 26, 2018; and Petitioner's Traverse Brief in Support of his petition (ECF No. 17) filed on September 24, 2018. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Petitioner's petition. (ECF No. 1).

## I.   FACTUAL BACKGROUND

Petitioner was indicted for unlawfully possessing body armor. (ECF No. 14-11 at 5). At trial, the state offered evidence of two prior felony convictions for the purpose of punishment enhancement. (*Id.*). Petitioner pleaded true to the first enhancement paragraph and not true to the second. (ECF No. 14-20 at 5-6). The jury, however, found both enhancement paragraphs true and assessed punishment at thirty-three years of imprisonment. (ECF No. 14-11 at 83-84). The 46th District Court of Hardeman County, Texas entered final judgment and sentenced Petitioner accordingly. (*Id.*).

Petitioner then filed a direct appeal to the Seventh Court of Appeals of Texas, which affirmed his conviction on April 1, 2016. *Burns v. State of Texas*, No. 07-15-00229-CR, 2016 WL 1391066, at *1 (Tex. App.—Amarillo Apr. 1, 2016, pet. ref'd); (*see also* ECF No. 14-11 at 83-84). Thereafter, Petitioner filed a petition for discretionary review ("PDR") in the Texas Court of Criminal Appeals ("TCCA"), which refused the PDR on June 29, 2016. (ECF No. 14-10 at 1). Petitioner did not petition the Supreme Court of the United States for a writ of certiorari. (ECF No. 1 at 3).

On July 14, 2017, Petitioner first filed an application for a state writ of habeas corpus. (ECF No. 14-23 at 8-23). The 46th District Court of Hardeman County, Texas denied the petition and issued written findings of fact and conclusions of law. (*Id.* at 26-27). On September 6, 2017, the TCCA dismissed the petition for noncompliance with Texas Rule of Appellate Procedure 73.1. (ECF No. 14-21 at 1). Petitioner, however, filed a "Motion to Have Court Correct Clerical Error," and the TCCA determined that the petition was dismissed in error. *Ex parte Burns*, No. WR-87,326-01, 2018 WL 3133968, at *1 (Tex. Crim. App. June 27, 2018); (*see also* ECF No. 14-22). The TCCA withdrew its September 6, 2017 order and reconsidered Petitioner's case on its own motion. *Ex parte Burns*, 2018 WL 3133968 at *1. The TCCA denied Petitioner's petition on June 27, 2018 "based on the trial court's findings of fact and conclusions of law as well as [its] independent review of the entire record." *Id.*

Prior to the TCCA issuing its June 27, 2018 decision, Petitioner filed a second state habeas petition on October 20, 2017. (ECF No. 14-27 at 6). The 46th District Court of Hardeman County, Texas again issued written findings of fact and conclusions of law and dismissed the second petition on November 16, 2017. (*Id.* at 15; ECF No. 14-28 at 1). On January 10, 2018, the TCCA

denied Petitioner's second petition without written order based on the trial court's findings. (ECF No. 14-24).

Petitioner then filed a third state habeas petition on February 26, 2018. (*See* ECF Nos. 14-30, 14-31). On April 18, 2018, the TCCA dismissed the petition as subsequent pursuant to Texas Code of Criminal Procedure Article 11.07 § 4(a) – (c). (ECF No. 14-29).

Petitioner filed the instant petition on February 21, 2018, alleging that his Fourteenth Amendment due process rights were violated because there was insufficient evidence to support his conviction. (ECF No. 1 at 6-7). Specifically, he alleges that the state did not prove that he knew it was illegal for a felon to possess a bullet proof vest; that he possessed a bullet proof vest; that he had a prior and final felony conviction; and that the "purported vest" was in fact "body armor." (*Id.*). He also claims that his Fourth Amendment rights were violated because the audio recording admitted at his trial was obtained during a custodial interrogation, and law enforcement officials had not read his *Miranda* rights to him beforehand; and that an expert witness did not verify that he was the speaker on the recording. (*Id.*).

## II.  LEGAL STANDARD

### A.  AEDPA Standard for § 2254 Habeas Cases

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

> a federal court may grant a state prisoner's application for a writ of habeas corpus if the state-court adjudication pursuant to which the prisoner is held resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

*Howes v. Fields*, 565 U.S. 499, 505 (2012) (quotation omitted) (quoting 28 U.S.C. § 2254(d)(1)).

> [A] state court decision is contrary to . . . clearly established [federal law] if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.

*Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quotation omitted). "It is an unreasonable application of Supreme Court precedent 'if the state court identifies the correct governing legal rule from [the] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.'" *Salts v. Epps*, 676 F.3d 468, 473–74 (5th Cir. 2012) (alteration in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000)).

To obtain habeas relief under § 2254, "a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for [fair-minded] disagreement." *White v. Woodall*, 572 U.S. 415, 419–20 (2014) (quotation omitted). "If this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

### B. Federal Procedural Default Doctrine

A federal court may apply the doctrine of procedural default where Texas' abuse-of-writ doctrine would prohibit a second habeas petition absent a showing of cause "if the [petitioner] urges grounds therein that could have been, but were not, raised in his first habeas petition." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (citing *Emery v. Johnson*, 139 F.3d 191, 200-01 (5th Cir. 1998), *Mangaroo v. Nelson*, 864 F.2d 1202, 1204 n.2 (5th Cir. 1989), and *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994) (en banc) (plurality opinion)). "Th[is] doctrine represents an adequate state procedural bar for purposes of federal habeas review." *Nobles*, 127 F.3d at 423 (citing *Emery*, 139 F.3d at 200-01 and *Fearance v. Scott*, 56 F.3d, 633, 642 (5th Cir. 1995)). Unless a petitioner alleges "cause for his failure to raise [a] . . . claim in his initial state habeas petition, the Texas abuse-of-writ doctrine would constitute an independent and adequate bar to a successive habeas petition." *Nobles*, 127 F.3d at 423.

4

### III.     ANALYSIS

#### A. Because a Portion of Petitioner's Claims are Unexhausted and Procedurally Defaulted, His Petition Should Be Denied as to Those Claims.

"A petitioner must fully exhaust state remedies before seeking federal habeas relief." 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the TCCA in a PDR or an application for writ of habeas corpus. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. As a matter of comity, the state courts must have a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner alleges that the state failed to prove that he had a prior and final felony conviction, and that the "purported vest" was in fact "body armor" (ECF No. 1 at 6); and that he was convicted based on an audio recording obtained during a custodial interrogation before his *Miranda* rights were read to him. (*Id.* at 7). Petitioner neither asserted these claims in his direct appeal to the Seventh Court of Appeals of Texas nor in his PDR or petitions for writ of habeas corpus filed in the TCCA. Because Petitioner did not fairly present the factual and legal bases of these claims to the TCCA prior to raising them in federal court, he failed to exhaust his state remedies. *Deters*, 985 F.2d at 795; 28 U.S.C. § 2254(b).

Moreover, Petitioner's claims are defaulted under the procedural default doctrine. To protect the interests of the exhaustion doctrine, the Supreme Court "held that where a federal habeas petitioner raises a claim which has *never* been presented in any state forum, a federal court

may properly determine whether the claim has been procedurally defaulted under state law, such that a remedy in state court is 'unavailable' within the meaning of § 2254(c)." *Harris v. Reed*, 489 U.S. 255, 269 (1989) (citing *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). Federal courts have "consistently looked to state procedural default rules in making the 'availability' determination . . . ." *Harris*, 489 U.S. at 269. Of Texas' procedural default rules, most applicable here is its abuse of the writ doctrine. Tex. Crim. Proc. Code Ann. art. 11.07, § 4 (West Supp. 1996). "[T]he highest court of the State of Texas announced that it would as a 'rule' dismiss as abuse of the writ 'an applicant for a subsequent writ of habeas corpus raising issues that existed at the time of his first writ.'" *Fearance*, 56 F.3d at 642 (citing *Ex Parte Barber*, 879 S.W.2d at 893 n.1).

Here, Texas' abuse of the writ doctrine is applicable because Petitioner's previously mentioned, unexhausted claims could have been raised in his state habeas petitions and PDR. These claims existed when he filed his state petitions, but he failed to fairly present these claims to the TCCA. If he were to file another state habeas petition, the abuse of the writ doctrine would bar these unexhausted claims because the facts underlying these claims were known to Petitioner at the time he filed his prior state habeas petitions with the TCCA, and he failed to raise these claims then. Thus, the Court may find these claims procedurally barred from federal review if Petitioner fails to establish cause and actual prejudice as to why the procedural default doctrine should be inapplicable or does not demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Cause "turn[s] on whether the [petitioner] can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Id.* at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). If a petitioner fails to demonstrate cause, courts need not consider whether he was prejudiced. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir.

1997). Respondent argues that the Court need not consider whether Petitioner was prejudiced because he fails to assert cause or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. (ECF No. 11 at 10). Respondent argues that the Court should apply the procedural default doctrine as a result. (*See* ECF No. 1 at 6-9; ECF No. 17 at 2-8). Respondent is correct because Petitioner never alleges that an objective factor external to his defense impeded his efforts to comply with Texas' procedural rule. He only alleges in his Traverse Brief that the TCCA inappropriately dismissed his prior state habeas petitions (ECF No. 17 at 2-5); there is no evidence to support each element of the charged crime, and according to Petitioner, this fact proves his "actual innocence" (*id.* at 5-7); and that Respondent never addressed his ineffective assistance of counsel claim alleged in his third state habeas petition even though this claim was not raised in the instant petition. (*Id.* at 7-8).

The undersigned finds that Petitioner does not allege cause or argue that he was prejudiced, nor does he allege that a fundamental miscarriage of justice will result if the procedural default doctrine is applied to his previously mentioned, unexhausted claims. Accordingly, these claims are procedurally barred.

> **B. Petitioner's Sufficiency of the Evidence and Fourth Amendment Claims Should be Denied Because the State Courts Did Not Act Contrary to, nor did They Unreasonably Apply, Clearly Established Federal Law when Adjudicating Petitioner's Case**.
>
> *1. Sufficiency of the Evidence Claims*

Petitioner alleges that the State of Texas did not prove that he had the required mental state to commit the charged crime and that he in fact possessed body armor. (ECF No. 1 at 6). In addressing Petitioner's sufficiency of the evidence claims,

> a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . (2)

7

>resulted in a decision that was based on an unreasonable determination of the facts [considering] the evidence in the State court proceeding.

28 U.S.C. §2254(d)(2). This standard must be applied deferentially. *Hines v. Thaler*, No. 3:06-CV-0320-G, 2010 WL 3283062, at *7 n. 5 (N.D. Tex. Aug. 18, 2010). "[A]ll reasonable inferences [must be] drawn in support of the verdict." *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999) (citing *United States v. Guerrero*, 169 F.3d 933, 939 (5th Cir. 1999)). "Likewise[,] 'we must accept credibility choices that support the jury's verdict, and we may *not* reweigh the evidence.'" *Id.* (Emphasis added).

Under this legal standard, Petitioner's claim that the prosecution did not prove that he had the required mental state to commit the charged crime fails. The applicable section of the Texas Penal Code states, "[a] person who has been convicted of a felony commits an offense if after the conviction the person possesses metal or body armor." Tex. Pen. Code Ann. § 46.041(b) (West 2011). As the Seventh Court of Appeals of Texas correctly explained, "ignorance of [the] law excuses no one." *Burns*, 2016 WL 1391066 at *1 (citing *Crain v. State*, 153 S.W. 155 (Tex. Crim. App. 1913)) (quotation omitted) ("involving the contention that the appellant did not know that carrying a dismantled pistol in his pockets constituted an illegal act"). *See also United States v. Whaley*, 577 F.3d 254, 262 (5th Cir. 2009) (citing *Ratzlaf v. United States*, 510 U.S. 135, 149 (1994) and *Bryan v. United States*, 524 U.S. 184, 193 (1998)) (holding that ignorance of the law is not a defense to criminal prosecution because "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense").

Petitioner confessed to law enforcement officials that he bought and wore a bullet proof vest on the audio recording introduced at his trial. *Burns*, 2016 WL 1391066 at *3. This is proof enough that he had knowledge of the facts that constituted the charged crime. *Whaley*, 577 F.3d at 262 (citing *Ratzlaf*, 510 U.S. at 149 and *Bryan*, 524 U.S. at 193).

Petitioner further alleges that the prosecution did not prove that he possessed body armor, but he admitted this fact in the audio recording. "[H]is own recorded, verbal admission that he bought and wore the bullet proof vest" is more than enough to permit a rational factfinder to conclude beyond a reasonable doubt that he exercised custody and control over body armor (i.e., the bullet proof vest). *Burns*, 2016 WL 1391066 at *3.

Therefore, the undersigned concludes that Petitioner's sufficiency of the evidence claims fail because "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

    *2. Fourth Amendment Violation Claims*

Finally, Petitioner alleges that the trial court violated his Fourth Amendment rights when it admitted the audio recording of him confessing to buying and wearing body armor without verification by an expert witness that he was the speaker on the recording. (ECF No. 1 at 7).

The Federal Rules of Evidence do not require that an expert witness authenticate or identify a criminal defendant's voice in an audio recording. "At trial, a voice may be identified by an opinion 'based on hearing the voice at any time under circumstances that connect it with the alleged speaker.'" *United States v. Thomas*, 690 F.3d 358, 372 (5th Cir. 2012) (citing Fed. R. Evid. 901(b)(5)). Moreover, the Fifth Circuit "has considered several factors, derived from *United States v. Starks*, 515 F.2d 112 (3d Cir. 1975), when determining whether a party has established a foundation for the admissibility of an audio recording." *State v. Luckey*, 212 So. 3d 1220, 1232-33 (5th Cir. 2017).

"Although the Supreme Court has never held that the establishment of each of these facts is *necessary* for the admission of audio recordings, [the Fifth Circuit] consider[s] the following

9

factors helpful in reviewing whether the State properly laid a foundation for the admissibility of . . . [an] audio recording[:]"

> (1) That the recording device was capable of taking the conversation now offered in evidence.
> (2) That the operator of the device was competent to operate the device.
> (3) That the recording is authentic and correct.
> (4) That changes, additions or deletions have not been made in the recording.
> (5) That the recording had been preserved in a manner that is shown to the court.
> (6) That the speakers are identified.
> (7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.

*Id.* (citing *Starks*, 515 F.2d at 125 n.11).

Here, the recording device was capable of taking Petitioner's confession that was offered against him at trial. The Seventh Court of Appeals of Texas explained that "much of [the recording] is quite audible. Included in those audible portions are rather clear statements by [Petitioner] that a bullet proof vest was in the house and that he bought and wore it." *Burns*, 2016 WL 1391066 at *2. The trial court apparently believed that Trooper Henry—the operator of the recording device—was competent to operate the device as it allowed him to authenticate the recording and identify Petitioner's voice as the alleged speaker. *Id.* at *1.

Furthermore, the Seventh Court of Appeals of Texas listened to the recording and "found nothing suggestive of alteration or tampering." *Id.* at *2. Plus, Trooper Henry testified at Petitioner's trial that "the recording [is] an accurate depiction of the dialogue." *Id.* Because Trooper Henry was the law enforcement official who operated the recording device, he could lawfully opine that Petitioner was the speaker who confessed to buying and wearing a bullet proof vest and could properly authenticate the audio recording. Under these facts, the undersigned agrees with the Seventh Court of Appeals of Texas "that the trial court could well have determined that the evidence at issue was trustworthy or reliable . . . ." *Id.* The undersigned concludes that the audio

recording was not admitted in a manner that was contrary to or an unreasonable application of clearly established federal law.

## IV.   CONCLUSION

Because petitioner's claims, other than sufficiency of the evidence and Fourth Amendment violations, are unexhausted and procedurally defaulted, his petition should be denied as to those claims. Petitioner's sufficiency of the evidence and Fourth Amendment claims should be denied because they do not prove that the state courts acted contrary to, nor unreasonably applied, clearly established federal law. Thus, petitioner's § 2254 habeas corpus petition should be denied.

## RECOMMENDATION

The undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Petitioner's § 2254 habeas corpus petition. (ECF No. 1).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **March 6**, **2019**.

                                                                                     Hal R. Ray, Jr.
                                                                                     UNITED STATES MAGISTRATE JUDGE